LTR 2 R

File No. 20160012(2)

We received the attached unlicensed practice of law complaint relating to your representation of six individuals or co-owners who own timeshare interests at Calypso Cay in Florida and the preparation of two warranty deeds and one quit claim deed involving some of the timeshare interests.

Rule 4-5.5 of the Rules Regulating The Florida Bar authorizes a lawyer licensed in a state other than Florida to engage in the limited and temporary practice of law in Florida under certain circumstances.  If you fall within this rule and your activity is temporary, then rule 4-5.5 authorizes your activity and it would not constitute the unlicensed practice of law.  If you do not fall within the rule or your services are provided on more than a temporary basis, then it raises unlicensed practice of law concerns.  Please explain how you fall within this rule.

Thank you for your cooperation in this matter.

Sincerely,


Enclosure


cc: complainant

LTR 2 R

File No. 20160012(2)

I am in receipt of your August 20, 2015 letter. You cited to subsection (b) of Rule 4-5.5 as the relevant portion of the rule applicable to you. Subsection (b) describes prohibited conduct. The subsection which sets forth the authorized temporary practice by a lawyer admitted in a state other than Florida is (c). Please advise how your representation of six individuals or co-owners who own timeshare interests in Florida and the preparation of two warranty deeds and one quit claim deed involving some of those timeshare interests falls within Rule 4-5.5(c).

Also, please provide answers to the following questions:

1. Besides those individuals referenced in the complaint, how many other individuals do you represent regarding Florida timeshare interests?

2. Besides the two warranty deeds and one quit claim deed referenced in the complaint, how many warranty deeds and quit claim deeds have you prepared involving Florida timeshare interests?

Thank you for your continued cooperation in this matter.

Sincerely,

LTR 2 R

File No. 20160012(2)

This will respond to your September 9, 2015 letter. I apologize for the delay.

Rule 4-5.5(c) of the Rules Regulating The Florida Bar (MJP rule) authorizes the limited and temporary practice of law in Florida by an out-of-state licensed attorney under certain circumstances. I am trying to ascertain whether the legal services you are providing related to Florida timeshare interests is temporary as contemplated by the MJP rule. My inquiries do not relate to Florida clients; they relate to Florida timeshare interests. I am also not asking you to violate your clients' confidences. I did not ask for the names of your clients. My inquiries simply ask for the number of clients you have with Florida timeshare interests and the number of deeds you prepared. So, please provide answers to the following questions:

1. Besides those individuals referenced in the complaint (Sheila/Delbert Milam, Eric/Katie Suen, Alan/Carolyn Williams, Scott/Belinda Higa, Andre/Natalya Zhuravlev, and John/Carol Sporysz), how many other individuals do you represent regarding Florida timeshare interests?

2. Besides the two warranty deeds and one quit claim deed referenced in the complaint, how many warranty deeds and quit claim deeds have you prepared involving Florida timeshare interests?

Thank you for your continued cooperation in this matter.

Sincerely,

LTR 2 R

File No. 20160012(2)

I am in receipt of your March 21, 2015 [sic] letter.

As I advised in my March 17, 2016 letter, Rule 4-5.5(c) of the Rules Regulating The Florida Bar (MJP rule) authorizes the limited and temporary practice of law in Florida by an out-of-state licensed attorney under certain circumstances. I am trying to ascertain whether the legal services you are providing related to Florida timeshare interests is temporary as contemplated by the MJP rule. My inquiries simply asked for the number of clients you have with Florida timeshare interests and the number of deeds you prepared. I asked the following questions:

1. Besides those individuals referenced in the complaint (Sheila/Delbert Milam, Eric/Katie Suen, Alan/Carolyn Williams, Scott/Belinda Higa, Andre/Natalya Zhuravlev, and John/Carol Sporysz), how many other individuals do you represent regarding Florida timeshare interests?

2. Besides the two warranty deeds and one quit claim deed referenced in the complaint, how many warranty deeds and quit claim deeds have you prepared involving Florida timeshare interests?

In response to question 1, you stated "it is impossible for me to assess how many California and non-Florida residents my office has represented over the past ten (10) years that have a time-share interest with a Florida component." I never asked you to go back 10 years. However, to figure out if the services you are providing under Rule 4-5.5 are temporary, I need to have some idea of the number of clients with Florida timeshare interests you represent or have recently represented. So, for each of the last 2 years, please estimate how many clients (regardless of whether the client is a California, Florida, or non-Florida resident) you have represented or currently represent regarding a Florida timeshare interest. Is it dozens? Hundreds? Thousands?

In response to question, 2 you advised that you have retained Florida attorney, Susan Budowski, to advise and consult with your office and that your office has been instructed not to prepare a deed for a Florida timeshare without seeking the review and approval of Ms. Budowski. While these steps are laudable, it does not change the fact that under Rule 4-5.5 you may still only provide services on a temporary basis. Please estimate the number of warranty deeds and quit claim deeds you have prepared involving Florida timeshare interests for each of the last 2 years. Is it dozens? Hundreds? Thousands?

Please note that the ethical propriety of Ms. Budowski's relationship with you is beyond the purview of the above-referenced file.

Thank you for your continued cooperation in this matter.

Sincerely,

LTR 2 R

File No. 20160012(2)

I am in receipt of your April 20, 2016 letter. You stated "in the last two years my office has processed thousands of time-share files." It was not clear whether this estimate was for the total number of timeshare files you handled or if it was for the Florida timeshare interests only. To clarify, please estimate how many of your timeshare files involved Florida timeshare interests (dozens? hundreds? thousands?).

Thank you for your continued cooperation in this matter.

Sincerely,

File No. 20160012(2)

LTR 2 C

Last year you filed an unlicensed practice of law complaint against Mitchell Sussman for his preparation of warranty and quit claim deeds on Florida timeshare interests. You also alleged that these deeds were recorded in the public records without the knowledge or consent of the grantee. Please note that the Bar's purview is limited to the unlicensed practice of law, i.e., the preparation of the deeds, and not the legal sufficiency of the purported transfer. After review, I have closed my file in this matter because it appears that Mr. Sussman's activity falls within Rule 4-5.5 of the Rules Regulating The Florida Bar (MJP Rule).

Mr. Sussman is licensed to practice law in California. The MJP rule authorizes an out-of-state licensed attorney to provide limited and temporary legal services in Florida under certain circumstances, which appear present here. Among other things, the rule permits an attorney to provide legal services related to transactional matters if reasonably related to the attorney's practice in their home jurisdiction. Rule 4-5.5(c)(4)(B) of the Rules Regulating The Florida Bar. A review of Mr. Sussman's website indicates that his practice areas include real property and timeshares. Therefore, his preparation of deeds on Florida timeshare interests would be reasonably related to his practice in California. As such, this activity was authorized by Rule 4-5.5(c)(4)(B), and thus, did not constitute the unlicensed practice of law.

This will further advise that Mr. Sussman has advised that he has instructed his staff to stop preparing any deeds relating to Florida timeshare interests and that if there is any occasion in the future where a client requests that he prepare a deed on a Florida timeshare interest, any such deed would be reviewed and approved by a Florida licensed attorney.

Thank you for bringing this matter to the attention of The Florida Bar.

Sincerely,
_____

LTR 2 R

Last year, we received an unlicensed practice of law complaint against you for preparing warranty and quit claim deeds on Florida timeshare interests. Over the year we have exchanged correspondence regarding your activity in Florida and I have advised you regarding Florida's MJP Rule (Rule 4-5.5 of the Rules Regulating The Florida Bar). You indicated that you have directed all potential Florida residents who have sought your services to a Florida attorney and you have instructed your staff to cease and desist from preparing any deeds relating to Florida timeshare interests. You also stated that if there is an occasion in the future where a client requests that you prepare a deed on a Florida timeshare interest, any such deed would be reviewed and approved by the Florida licensed attorney.

After reviewing my file, I have closed my file in this matter because you are now on notice that under the MJP rule any legal services you provide in Florida or related to Florida law may only be provided on a limited and temporary basis. Please govern yourself accordingly. This will

also advise that this action will not preclude the Bar from taking further action if we receive additional complaints regarding your future activity in Florida.

Sincerely,

File No. 20160077(2)

LTR 2 C

Last April you filed an unlicensed practice of law complaint against Mitchell Sussman for his preparation of a quit claim deed on a Florida timeshare interest. You also alleged that the preparation and recordation of the deed to your client was never discussed or authorized and was recorded in the public records without your client's knowledge. Please note that the Bar's purview is limited to the unlicensed practice of law, i.e., the preparation of the deed, and not the legal sufficiency of the purported transfer. After review, I have closed my file in this matter because it appears that Mr. Sussman's activity falls within Rule 4-5.5 of the Rules Regulating The Florida Bar (MJP Rule).

Mr. Sussman is licensed to practice law in California. The MJP rule authorizes an out-of-state licensed attorney to provide limited and temporary legal services in Florida under certain circumstances, which appear present here. Among other things, the rule permits an attorney to provide legal services related to transactional matters if reasonably related to the attorney's practice in their home jurisdiction. Rule 4-5.5(c)(4)(B) of the Rules Regulating The Florida Bar. A review of Mr. Sussman's website indicates that his practice areas include real property and timeshares. Therefore, his preparation of the deed on this Florida timeshare interest would be reasonably related to his practice in California. As such, this activity was authorized by Rule 4-5.5(c)(4)(B), and thus, did not constitute the unlicensed practice of law.

This will further advise that Mr. Sussman has advised that he has instructed his staff to stop preparing any deeds relating to Florida timeshare interests and that if there is an occasion in the future where a client requests that he prepare a deed on a Florida timeshare interest, any such deed would be reviewed and approved by a Florida licensed attorney.

Thank you for bringing this matter to the attention of The Florida Bar.

Sincerely,