UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD., a Florida limited partnership, by and through its general partner WESTGATE RESORTS, INC., a Florida corporation, WESTGATE VACATION VILLAS, LLC, a Florida limited liability company, WESTGATE LAKES, LLC, a Florida limited liability company, WESTGATE BLUE TREE ORLANDO, LTD., a Texas limited partnership, by and through its general partner BLUE TREE LBV, LLC, a Florida limited liability company, WESTGATE GV AT THE WOODS, LLC, a Florida limited liability company, WESTGATE TOWERS, LLC, a Florida limited liability company, WESTGATE FLAMINGO BAY, LLC, a Florida limited liability company, WESTGATE MYRTLE BEACH, LLC, a Florida limited liability company, WESTGATE PALACE, LLC, a Florida limited liability company, WESTGATE RVS ORLANDO, LLC, a Florida limited liability company, WESTGATE VACATION VILLAS OWNERS ASSOCIATION, INC., a Florida corporation, CLUB ORLANDO VACATION RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE LAKES OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWN CENTER OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS NORTH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE PALACE OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG, OWNERS ASSOCIATION, INC., a Tennessee corporation, WESTGATE FLAMINGO BAY, LAS VEGAS OWNERS ASSOCIATION, INC., a Nevada corporation, WESTGATE HISTORIC WILLIAMSBURG,

CASE NO.: 6:17-CV-01467-RBD-DCI

1

Confidentiality Agreement
Case No.: 6:17-CV-01467-RBD-DCI

OWNERS ASSOCIATION, INC., a Virginia corporation, WESTGATE PARK CITY RESORT & SPA, OWNERS ASSOCIATION, INC., a Utah corporation, RVS-ORLANDO II CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE MYRTLE BEACH OCEAN FRONT OWNERS ASSOCIATION, INC., a South Carolina corporation, CEDAR RIDGE AT THE WOODS CONDOMINIUM OWNERS ASSOCIATION, INC., a Missouri corporation, WESTGATE BRANSON WOODS OWNERS ASSOCIATION, INC., a Missouri corporation, GRAND VISTA AT EMERALD POINT CONDOMINIUM OWNER'S ASSOCIATION, INC., a Missouri corporation, PAINTED MOUNTAIN GOLF VILLAS CONDOMINIUM ASSOCIATION, INC., an Arizona corporation, CENTRAL FLORIDA INVESTMENTS, INC., a Florida corporation, BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE GV AT EMERALD POINTE, LLC, a Florida limited liability company, WESTGATE GV AT PAINTED MOUNTAIN, LLC, a Florida limited liability company, LOGGER'S POINTE AT THE WOODS CONDOMINIUM PROPERTY OWNERS' ASSOCIATION, INC., a Missouri corporation, WESTGATE LAS VEGAS RESORT, LLC, a Delaware limited liability company, WESTGATE LAS VEGAS RESORT OWNERS ASSOCIATION, INC., a Nevada corporation, RVS-ORLANDO A CONDOMINIUM ASSOCIATION, INC., a Florida corporation, and WESTGATE SOUTH BEACH, LLC, a Florida limited liability company,

      Plaintiffs,

vs.

MITCHELL REED SUSSMAN, an individual, and MITCHELL REED SUSSMAN & ASSOCIATES, a Law Firm,

      Defendants.
_____/

## CONFIDENTIALITY AGREEMENT

The undersigned parties to this action ("parties") anticipate that certain discovery material will include information that is confidential and should be treated as confidential, and to govern the designation and protection of such confidential information, the parties enter into this confidentiality agreement ("Agreement").

1. **Scope.** As used herein, "documents" means any document, information, or other thing produced or exchanged by and among all parties, including, but not limited to, all deposition testimony; testimony taken at hearings or other proceedings; interrogatory answers; declarations; documents and all other discovery materials whether produced informally or in response to discovery requests; and expert testimony. The party whose confidential information is sought through discovery by another party to this action, shall have the right to designate any documents it produces or provides, or any testimony it gives, in the above-captioned action as "confidential" depending on its good-faith view (or whether it believes another party or non-party may view, even though it does not) of the documents as sensitive, in accordance with the below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential that, after a good faith review, have been determined to contain information protected from disclosure by statute, or to contain sensitive personal information, trade secrets, confidential research, development, or commercial information, proprietary information, or information concerning proprietary internal policies and procedures. Information

3

Confidentiality Agreement
Case No.: 6:17-CV-01467-RBD-DCI

or documents which are available in the public sector may not be designated as confidential. A party's designation of materials as confidential, or a party's failure to object to another party's designation of materials as confidential, shall not constitute admissible evidence nor shall it be considered an admission that the designated material is confidential or constitutes a trade secret for purposes of determining the merits of any party's claims, defenses, or counterclaims in this litigation.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within ten (10) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Any testimony that describes a document that has been designated as confidential shall also be deemed to be designated as confidential.

5. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated confidential under this Agreement shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified below (¶ 5.b.), for any purpose other than preparing for and conducting this litigation (including any appeal of this litigation), and shall not otherwise be directly or indirectly used. All documents designated as confidential shall be produced, used, and disposed of in accordance with the terms of this Agreement.

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Agreement to any other person or entity, except that the following categories of persons may be allowed to review documents which have been designated confidential pursuant to this Agreement, so long as such person(s) have signed the Agreement to Be Bound by Confidentiality Agreement, *attached hereto as Exhibit A*, and such executed document has been

served on every party to this action, except execution and service of Exhibit A shall not be required for those persons designated in sub-subsection (1), (2), (3), and (6):

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties (including employees of a corporate party, but only to the extent the individual employee needs to know such information in connection with this litigation), and the parties' insurance carriers;

(3) the Court, any court exercising appellate jurisdiction with respect to determinations of this Court, any other court or person appointed by the Court to address an issue related to discovery in this action, court personnel, court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) deposition and trial witnesses, and those witnesses' counsel, to the extent those witnesses and/or witnesses' counsel needs to know such information during the course of those witnesses' testimony or in preparation therefor;

(5) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(6) any mediator engaged by the parties in this action; and

(7) other persons, only upon consent in writing of the producing party or upon order of the Court, and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents. Counsel shall also maintain the originals of any forms signed by persons acknowledging their

5

Confidentiality Agreement
Case No.: 6:17-CV-01467-RBD-DCI

obligations under this Agreement (*i.e.*, Exhibit A) pursuant to section 5(b).

      d.    **Inadvertent Disclosure of Documents.**

          (1)    If any party required to produce documents or other information inadvertently produces confidential documents without marking them as such, the producing party may give written notice to the receiving party, including appropriately stamped copies of the confidential documents, and such confidential documents should be treated as such in accordance with the provisions of this Agreement and the undesignated documents previously produced shall be promptly destroyed by the receiving party.

          (2)    If the receiving party contests the validity of the claim of confidentiality following an inadvertent disclosure, the producing party shall seek a judicial determination of the matter within ten (10) business days. Until a full and final judicial determination is made, the receiving party shall treat the information as confidential in accordance with this Agreement.

          (3)    The inadvertent disclosure during discovery of any document that is protected by the attorney client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), shall not waive the Privilege or Protection in this action, or any other federal or state proceeding, for either that document or the subject matter of that document, unless there was an intentional waiver of the Privilege or Protection to support an affirmative use of the document to support the party's claim or defense. All disclosures not made to support an affirmative use of the document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

(4) Within five (5) business days of learning that documents subject to the Privilege or Protection have been inadvertently produced, the producing party shall notify counsel for the receiving party, in writing, of the fact of inadvertent disclosure. If a producing party inadvertently discloses to a receiving party any document that is subject to the producing party's assertion of the Privilege or Protection, or that the document is otherwise immune from discovery, the receiving party shall immediately cease reviewing or using such document upon (i) discovery by the receiving party that the document is likely protected by the Privilege or Protection; or (ii) receipt of notice from the producing party of the inadvertent disclosure, whichever is earlier. The receiving party also shall destroy or return to the designating party the Privileged or Protected documents and all copies thereof in existence within five (5) business days of: (i) discovery by the receiving party that the document is likely protected by the Privilege and/or the Protection; or (ii) receipt of notice from the producing party of the inadvertent disclosure, whichever is earlier. The receiving party shall provide notification to the producing party confirming such destruction and/or return as soon as possible and in no event later than five (5) days after receipt by the receiving party of a written request by the producing party for such return and/or destruction. Immediately upon such discovery of or identification of the document, no further use or review may be made of the document by the receiving party, and no further discovery regarding the document may be conducted except upon motion to and order by the Court. No party to this action shall assert that the disclosure of the document waived the Privilege, Protection, or any other immunity.

(5) Within five (5) business days of the destruction and/or return, the producing party shall list the document that is the subject of the underlying claim of Privilege, Protection, or immunity, on a privilege log identifying and sufficiently describing the disputed document to allow the Court and the parties to assess and, if necessary, contest the underlying

7

claim of Privilege, Protection or immunity. If the receiving party contests the validity of the underlying claim of Privilege or Protection following an inadvertent disclosure, the receiving party may seek a judicial determination of the matter.

6. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Agreement or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Agreement.

7. **Filing of Confidential Materials.** In the event a party seeks to file with the Court or admit into evidence in any evidentiary proceeding any material that is subject to protection under this Agreement with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, requesting leave of Court before filing any document in this lawsuit that incorporates, attaches, or appends a document designated confidential by first filing a "Motion to Seal" pursuant to Middle District of Florida Local Rule 1.09. No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with Local Rule 1.09.

8. **Greater Protection of Confidential Documents and Reservation of Rights.** Compliance with the terms of this Agreement shall not create, waive or impair any privilege or protection applicable to any documents; shall not operate as an admission of any kind; and shall not prejudice in any way the rights or obligations of any party to object to production of any

documents it considers beyond the scope of discovery or nonresponsive, to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Agreement, to seek determination by the Court as to whether particular documents or information shall be produced and, if produced, whether such documents and information shall be protected, or to apply to the Court for a protective order relating to any documents, information, or testimony.

9. **Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge:

a. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

b. A party who contends that documents designated confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. All parties to the action shall be copied timely with the written notice. The party who so designated the documents and the party who gave written notice of the challenge shall have ten (10) business days from service of the written notice to confer. If the dispute cannot be resolved, the designating party shall file a motion for protective order within twenty (20) business days of the date in which the challenging party informs the designating party in writing that they are unable to resolve the dispute.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the full protections of this Agreement until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing; or

(2) the Court rules that the documents should no longer be designated

9

Confidentiality Agreement
Case No.: 6:17-CV-01467-RBD-DCI

as confidential, and the time for appellate review thereof has run.

        d.      Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

    10.    **Treatment on Conclusion of Litigation.**

        a.      **Agreement Remains in Effect.** All provisions of this Agreement restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. This Agreement may not be modified except in writing signed by all parties, or by Court order.

        b.      **Return of Confidential Documents.** Within twenty (20) business days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Agreement, including copies as defined above (¶ 6) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal) pursuant to the procedures set forth herein; (2) the parties stipulate in writing to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction, so long as within ten (10) business days after destruction, that party through counsel of record represents in writing to the producing party that destruction has occurred. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential, so long as that work product does not duplicate verbatim portions of the text of confidential documents.

Dated March ___, 2018.

**AGREED TO BY:**

| **SPECTOR, GADON & ROSEN, PC** | **GREENSPOON MARDER LLP** |
|---|---|
| *[signature]* <br><br> Cory L. Chandler <br> Florida Bar No. 621552 <br> Michael J. McGirney <br> Florida Bar No. 856797 <br><br> 360 Central Ave Ste 1550 <br> St. Petersburg, FL 33701-3830 <br> Telephone: (727) 896-4600 <br> Facsimile: (727) 896-4604 <br> corylchandler@gmail.com <br> mmcgirney@lawsgr.com <br><br> *Counsel for Defendants* | *[signature]* <br><br> Richard W. Epstein <br> Florida Bar No. 229091 <br> Jeffrey A. Backman <br> Florida Bar No. 662501 <br> Joann M. Velez <br> Florida Bar No. 94325 <br><br> 201 East Pine St, Suite 500 <br> Orlando, Florida 32801 <br> Telephone: (407) 425-6559 <br> Facsimile: (407) 209-3152 <br> richard.epstein@gmlaw.com <br> jeffrey.backman@gmlaw.com <br> joann.velez@gmlaw.com <br><br> *Counsel for Plaintiffs* |