UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62966-mc-62966-ALTONAGA/SELTZER

WESTGATE RESORTS, LTD., a Florida
limited partnership,b y and through the
general partner, WESTGATE RESORTS,
INC., et al.,

       Petitioners,

vs.

JAMES KLOHN, DANIEL STERN,
SUMMER WILLIAMS, and JESSICA
MOST, individuals,

       Respondents.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Petitioners' Motion to Compel Compliance with Subpoenas and Overrule Privilege and Confidentiality Objections [ECF No. 1]. The District Court judge referred the matter to the undersigned "to take all necessary and proper action as required by law" [ECF No. 4].

Petitioners Westgate Resorts, Ltd. and Westgate Resorts, Inc. (collectively "Westgate" or "Petitioners"), have sued a California lawyer, Mitchell Reed Sussman and his law firm Mitchell Reed Sussman & Associates (collectively "Sussman") alleging tortious interference with contractual and business relationships. The case, Westgate Resorts, Ltd., et al. v. Mitchell Reed Sussman and Mitchell Reed Sussman & Associates, Case No. 17-CV-01467-RBD-DCI, is pending in the United States District Court for the Middle District of Florida (the "Underlying Litigation"). The subpoenas at issue in this Motion were issued from the Middle District and are directed to Respondents James Klohn ("Klohn"), Daniel

Stern ("Stern"), Summer Williams ("Williams"), and Jessica Most ("Most") (collectively, "Respondents") .

Westgate is a developer and manager of timeshare resorts throughout the United States.  Sussman is alleged to have solicited timeshare owners who wished to sell their interests and assisted them to execute allegedly quitclaim deeds, which purportedly transferred their timeshare interests to a straw owner or back to the developer – without the developer's knowledge or consent.  Respondents are four Florida lawyers who allegedly were hired by Sussman to prepare the quitclaim deeds.

According to Petitioners, Sussman has not produced any discovery in the Underlying Litigation, including the allegedly fraudulent deeds.  As a result, Petitioners subpoenaed Respondents, who are the Florida lawyers who allegedly were retained by Sussman to prepare quitclaim deeds for properties located in Florida.  The subpoenas directed Respondents to produce records relating to the work performed by them on behalf of Sussman [ECF No. 1-15]. According to Petitioner's Motion, Respondents have asserted claims of privilege and confidentiality objections and have refused to testify or produce the requested documents.  Petitioners ask this Court to overrule Respondents' objections and compel Respondents to produce all evidence responsive to the subpoenas.

Respondents all reside in the Southern District of Florida and are all attorneys admitted to the Florida Bar.  After Plaintiff filed Certificates of Service that the Motion had been served on each of the Respondents, the Court <u>sua sponte</u> ordered Respondents to file, by January 24, 2019, a Notice of Consent to transfer this Motion to the Middle District of Florida or a memorandum explaining why exceptional circumstances warranting the transfer of this motion do not exist [ECF No. 9].  Klohn and Stern each filed a Notice of

Consent [ECF No. 11] [ECF No. 12] granting consent to transfer this Motion and the enforcement of the subpoenas to the Middle District of Florida. Williams and Most did not submit either a Consent or a memorandum in opposition to the transfer.

Pursuant to Rule 45(d)(2)(B)(1), the court for the district where compliance is required has jurisdiction to enforce a subpoena. The court may, however, order a transfer[1] of a subpoena-related motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45(f) does not define "exceptional circumstances," but courts have identified the importance of avoiding inconsistent rulings where the issuing court has already ruled on the issue(s) presented in the motion or the likelihood of the same issue(s) arising in many other districts as considerations that may give rise to a finding of exceptional circumstances. Inter-American Dev. Bank, 2016 WL 5786982, at *2 (citations omitted). "When considering if exceptional circumstances are present, the Court must account for the 'complexity, procedural posture, duration of pendancy, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" Google, Inc. v. Digital Citizens Alliance, 2015 WL 4930979, at *2 (D.D.C. Jul. 31, 2015) (quoting Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014)).

Transfer is proper when the issues raised by the subpoenas involve a "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction." Fed. Home Loan

---

[1] The transfer of a subpoena enforcement motion to the issuing court pursuant to Rule 45(f) falls "within the gambit of non-dispositive matters properly determined by a magistrate judge." Inter-American Dev. Bank v. Venti S.A., 2016 WL 5786982, at *3 n.2 (S.D. Fla. Oct. 4, 2016) (quoting Miller Const. Equip. Sales, Inc. v. Clark Equip. Co., 2016 WL 447717, at *6 (S.D. Ga. Feb. 3, 2016)).

Mortg. Corp. v. Deloitte & Touche LLP, 2015 WL 3413540, at *3 (D.D.C. May 25, 2015). A relevancy determination does not present an exceptional circumstance, id., but exceptional circumstances do exist where the issuing court more fully understands "any implications the resolution of the motion will have on the underlying litigation."  Wultz v. Bank of China, 304 F.R.D. 38, 46 (D.D.C. 2014).  "In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-related motions in the issuing court would present an undue burden or cost."  The Dispatch Printing Co. v. Zuckerman, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (quoting Judicial Watch, 307 F.R.D. at 34).

      The Court has reviewed the Motion and exhibits, as well as the docket in the Underlying Litigation, and concludes that exceptional circumstances exist to transfer Petitioner's Motion to Compel to the Middle District of Florida.  First, the court in the Middle District has already addressed, and overruled, Sussman's privilege objections regarding the documents responsive to the subpoenas that are before this court [DE 1-3].  In fact, there is a pending Motion for Sanctions relating to the non-production of these documents in the Middle District of Florida [DE 1-23].  Additionally, the discovery period in the Underlying Litigation has closed, or is set to close in the near future.  The Court, therefore, concludes that the court in the Middle District is more familiar with the issues raised in the present Motion to Compel, that resolution in the Middle District would avoid the risk of inconsistent results, and that the Middle District court is in the best position to coordinate the resolution of the issues raised in this Motion with the needs of its calendar and the trial schedule.

Additionally, this Court finds that the needs of the case and the exceptional circumstances raised by the Motion outweigh any burdens or inconveniences to the nonparty witnesses. Here, two Respondents (Klohn and Stern) have affirmatively consented to the transfer of this Motion to the Middle District. The two remaining Respondents (Williams and Most) were given the opportunity to provide the Court with notice of their consent or their objection to transferring the matter, yet they failed to respond. Thus, the undersigned finds that Respondents Williams and Most have waived any claims of burden or inconvenience that may arise as a result of transferring this Motion and the enforcement of the subpoenas to the Middle District of Florida. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Clerk of the Court is directed to transfer Petitioners' Motion to Compel Compliance with Subpoenas and Overrule Privilege and Confidentiality Objections [DE 1] to the United States District Court for the Middle District of Florida and to **CLOSE** this matter.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of January 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished to counsel of record via CM/ECF
and by U.S. Mail to:

James Klohn, Esq.
941 SE Central Pkwy Ste 3
Stuart, FL 34994-3904

(Cont'd on next page)

Summer Williams, Esq.
Cole, Scott & Kissane
9150 S Dadeland Blvd # 1400
Miami, FL 33156

Daniel Stern, Esq.
6050 Toscana Dr. Apt. 313
Davie, FL 33314-3485

Jessica Most, Esq.
The Most Law Firm
14280 S. Military Trail, Unit 7793
Delray Beach, FL 33482-5081